John C. Taylor, State Bar No. 78389
   Taylor@TaylorRing.com
Robert R. Clayton, State Bar No. 202899
   Clayton@TaylorRing.com
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266

Telephone: (310) 209-4100
Facsimile: (310) 208-5052

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN A. GALICIA, an individual, | CASE NO. 2:17-cv-08020-JFW (JCx) |
| vs. | [Complaint filed: 03/09/2017; Assigned to Honorable John F. Walter; Magistrate Judge Jacqueline Chooljian] |
| SOUTHERN CALIFORNIA REGIONAL RAIL AUTHORITY d.b.a. METROLINK; a governmental entity; and DOES 1 through 50, inclusive, | **DECLARATION OF ROBERT R. CLAYTON (PURSUANT TO LOCAL RULE 7-3 AND STANDING ORDER) IN ADVANCE OF MOTION FOR TERMINATING OR, ALTERNATIVELY, ISSUE AND/OR EVIDENTIARY SANCTIONS** |
| Defendants. | |
| | Trial Date: September 25, 2018 |

I, ROBERT R. CLAYTON, declare as follows:

1.    I am an attorney and partner at Taylor & Ring, and represent Plaintiff, Erin Galicia in this matter. I am duly admitted to practice before this Honorable Court and am one of the attorneys of record for Plaintiff in this action. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

///

///

1

2.   Background: This case stems from a pedestrian versus train accident that occurred on November 11, 2016.  It is alleged that on that date the Amtrak conductor on a Metrolink train told the Plaintiff that she had time to board the train; he grabbed her hand to help her onto the train; the train suddenly starting moving; Plaintiff fell between the platform and the train; she was struck by the train; and she sustained serious, life-long injuries that resulted in seven surgeries (to date).  The defendants, on the other hand, contend that their conductor told Plaintiff not to board the train; that he did not make contact with her; and Plaintiff negligently ran for and attempted to jump onto a moving train.  In short, the parties have two distinctly different versions of the events, and liability is highly contested.

3.   Dispute:  The subject train was equipped with multiple inward and outward facing cameras. As discussed in further detail herein, at issue is the defendants' failure to preserve the recordings from those cameras.

4.   On June 8, 2018 at 1:30 pm, I went to the law offices of Foley& Lardner in downtown Los Angeles for an *in-person* meet and confer meeting with attorneys Erik Swanholt and Erik Benny (counsel for defendant SOUTHERN CALIFORNIA REGIONAL RAIL AUTHORITY dba METROLINK) and attorney Selim Mounedji (counsel for defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK) to discuss the defendants' failure to preserve the video recordings from the train that struck the Plaintiff in advance of a Motion For Terminating or, Alternatively, Issue and/or Evidentiary Sanctions.  This was not the first time counsel forthe parties have discussed this topic but it was the most recent *in-person* meeting.

5.   At the meeting, I again told defense counsel that Fourteen (14) days after the November 11, 2016 incident, I mailed Metrolink via certified mail  (return receipt requested) a "Preservation of Evidence" letter instructing Metrolink to preserve the recordings from the cameras on the subject train. I received a signed receipt from the U.S. Postal Service indicating that it was received at Metrolink's headquarters on December 1, 2016.  We again discussed how on or about December 22, 2016, I was

**DECLARATION OF ROBERT R. CLAYTON (PURSUANT TO LOCAL RULE 7-3 AND STANDING ORDER) IN ADVANCE OF MOTION FOR TERMINATING OR, ALTERNATIVELY, ISSUE AND/OR EVIDENTIARY SANCTIONS**

contacted by Matthew Takeda, a claims examiner for Carl Warren & Company (Metrolink's adjuster) who acknowledged that Metrolink had received my preservation of evidence letter and stating that the videos would be preserved. However, at the suggestion of Mr. Takeda, and in an abundance of caution, I sent another "Preservation of Evidence" letter to Metrolink at the same address but addressed to the "Board Secretary" which was mailed on that date. I would later learn that the recordings from the cameras from the subject train were not preserved but instead allegedly recorded over 96 hours after the incident.

6.    At our June 8th meeting, we discussed how recent evidence produced by Metrolink and Amtrak shows that on the date of the incident the defendants' conductor prepared an incident report which falsely stated that the Plaintiff tripped on the platform, and he then stopped the train. Thus, according to defense counsel, in keeping with Metrolink's retention policy, they did not save the video recordings because it was believed that the incident did not occur on their right-of-way. However, as we discussed at our meeting, the subject train was delayed for over 30 minutes; the defendants called 911; the Plaintiff landed on their tracks; and she was transported from the scene by ambulance. Moreover, at our meeting, we discussed how the recently produced evidence indicates that *within 96 hours* of the incident representatives of Metrolink <u>and</u> Amtrak learned that their conductor had not been truthful in his reporting yet the defendants still failed to pull and preserve the recordings.

7.    During our meeting, counsel for Metrolink said even if the recording had been preserved, they would not have shown the incident because of the way they are angled. They then showed me a video which they represented was taken from a *similar* Metrolink train pulling into the same station in February of 2018. I pointed out that the exemplar video was taken from a different train, at a different time (i.e., more than 2 years after the incident), and under different conditions. I also said that, at a minimum, the cameras from the subject train would have shown relevant events before and/or after

///

**DECLARATION OF ROBERT R. CLAYTON (PURSUANT TO LOCAL RULE 7-3 AND STANDING ORDER) IN ADVANCE OF MOTION FOR TERMINATING OR, ALTERNATIVELY, ISSUE AND/OR EVIDENTIARY SANCTIONS**

the impact. Counsel for Metrolink disagreed. However, as I pointed out, we will never know because the defendants did not preserve the recordings.

8.     The parties had a discussion about federal law on spoliation of evidence. Counsel for Metrolink said that under the law the defendant's motive in failing to preserve evidence is determinative. I disagreed and instead said that under the law the defendant had an obligation to preserve the evidence if it reasonably knew or should have known it would be relevant to a potential lawsuit. I said the Plaintiff was struck by the defendants' train; the incident delayed their service schedule for over 30 minutes; they called 911; she was found bleeding on their tracks (which had to subsequently be cleaned-up); she was treated on their tracks; and she was transported from the scene by ambulance which, I argued, all made it reasonable foreseeable that litigation was to ensue.

9.     Counsel for Amtrak said that Amtrak had no control over the recordings and should not be included in the Plaintiff's motion for sanctions. I responded that if Metrolink failed to preserved the recordings because of the false information provided by the Amtrak conductor, as suggested, then it is Amtrak (rather than the innocent Plaintiff) who should be punished for the lies of its employee.

10.     Resolved Issues: Despite the best efforts by counsel, there were no issues that could be resolved because of the nature of this dispute. From the Plaintiff's perspective, the defendants are taking the position that the incident was caused exclusively by the Plaintiff's own negligence. However, the best evidence to reveal the truth were the recordings that the defendants failed to preserve. From Plaintiff's perspective, the only way to informally resolve this issue would be for the defendants to stipulate to liability which they are unwilling to do.

11.     Unresolved Issues: It remains unresolved what sanctions (if any) should be imposed for the defendants' failure to preserve key relevant evidence in the case. Thus,

///

///

4

DECLARATION OF ROBERT R. CLAYTON (PURSUANT TO LOCAL RULE 7-3 AND STANDING ORDER) IN ADVANCE OF MOTION FOR TERMINATING OR, ALTERNATIVELY, ISSUE AND/OR EVIDENTIARY SANCTIONS

Plaintiff respectfully requests permission to refile her Motion For Terminating or, Alternatively, Issue and/or Evidentiary Sanctions so that this issue can be resolved by the Court.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct. Executed on June 11, 2018 at Oakland, California.

/s/ Robert R. Clayton

Robert R. Clayton

**DECLARATION OF ROBERT R. CLAYTON (PURSUANT TO LOCAL RULE 7-3 AND STANDING ORDER) IN ADVANCE OF MOTION FOR TERMINATING OR, ALTERNATIVELY, ISSUE AND/OR EVIDENTIARY SANCTIONS**

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the Law Offices of Taylor & Ring and my business address is 1230 Rosecrans Avenue, Suite 360, Manhattan Beach, CA 90266.

On June 12, 2018, I served the foregoing, document entitled **DECLARATION OF ROBERT R. CLAYTON (PURSUANT TO LOCAL RULE 7-3 AND STANDING ORDER) IN ADVANCE OF MOTION FOR TERMINATING OR, ALTERNATIVELY, ISSUE AND/OR EVIDENTIARY SANCTIONS** on all the appearing and/or interested parties in this action as follows:

Erik K. Swanholt, Esq.
Daniel R. Sturm, Esq.
Erik F. Benny, Esq.
FOLEY & LARDNER LLP
555 S. Flower Street, Suite 3500
Los Angeles, CA 90071-2411
(213) 972-4500
Fax (213) 486-0065
E-mail: eswanholt@foley.com
E-mail: dsturm@foley.com
E-mail: ebenny@foley.com

Michael E. Murphy, Esq.
SIM LAW FIRM, LLP
19712 MacArthur Boulevard, Suite 120
Irvine, CA 92612
(949) 253-7900
Fax (949) 253-7930
Email mmurphy@sms-law.com

Attorneys for Defendant, NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK

Attorneys for Defendant, SOUTHERN CALIFORNIA REGIONAL RAIL AUTHORITY dba METROLINK

[XX] **BY ELECTRONIC SUBMISSION** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Executed on June 12, 2018, at Manhattan Beach, California.

[XX] **(FEDERAL)** I certify that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Kimberly Oadell-Arian

6

**DECLARATION OF ROBERT R. CLAYTON (PURSUANT TO LOCAL RULE 7-3 AND STANDING ORDER) IN ADVANCE OF MOTION FOR TERMINATING OR, ALTERNATIVELY, ISSUE AND/OR EVIDENTIARY SANCTIONS**