John C. Taylor, State Bar No. 78389
    Taylor@TaylorRing.com
Robert R. Clayton, State Bar No. 202899
    Clayton@TaylorRing.com
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266

Telephone: (310) 209-4100
Facsimile: (310) 208-5052

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN A. GALICIA, an individual,<br><br>vs.<br><br>SOUTHERN CALIFORNIA REGIONAL RAIL AUTHORITY d.b.a. METROLINK; a governmental entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-08020-JFW (JCx)<br><br>[Complaint filed: 03/09/2017; Assigned to Honorable John F. Walter; Magistrate Judge Jacqueline Chooljian]<br><br>**DECLARATION OF ROBERT R. CLAYTON RE: OSC RE: SANCTIONS AND REMAND FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING & CASE MANAGEMENT ORDER**<br><br>Pre-Trial Conference:  9/7/18<br>Hearing on MILs:       9/14/18<br>Trial Date:            9/25/18 |

I, Robert R. Clayton, hereby declare as follows:

1.    I am an attorney and partner at Taylor & Ring, and represent Plaintiff, Erin Galicia in this matter. I am duly admitted to practice before this Honorable Court and am one of the attorneys of record for Plaintiff in this action. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2.    Counsel for the parties have worked diligently to comply with the Court's Scheduling and Case Management Order. They engaged in a lengthy in-person Pre-Trial

Conference on August 2, 2018. During that meeting, the parties were able to resolve many evidentiary issues, and they were able to formulate a timeline and a plan intended to make sure all pre-trial documents were completed by the August 28th deadline. Thereafter, counsel for the parties engaged in several teleconferences and many email exchanges in a continued effort to work towards meeting the Court's deadline.

3.    At the parties' August 2nd Pre-Trial Conference, it was agreed that each counsel would emailed one another their versions of the pre-trial documents by Monday, August 20, 2018. In keeping with that agreement, I emailed the Plaintiff's versions of the pre-trial documents to all counsel on August 20th. It was my expectation that the defense would do the same and that I would have the entire week to work with them on needed additions and changes so that all the joint documents would be finalized and prepared for filing on August 28th.

4.    I knew that I would need that entire week to work on the documents as I was going to be out-of-town August 24-26 moving my daughter into college for her freshman year. Unfortunately, however, the defendants' versions of the pre-trial documents were not emailed to me until Friday, August 24th. By then, I had already left on my pre-arranged college trip. Thus, I did not have an opportunity to begin merging and editing the defense documents with the Plaintiff's documents until my return on the evening of Sunday, August 26th.

5.    When I returned home from my trip on Sunday August 26th, I reviewed the pre-trial documents that defense counsel had emailed, and I quickly realized that there was a lot of additional work that was going to be needed in order to get all the joint trial documents finalized. I also realized that it was not going to be possible to finish them all by the August 28th deadline. As a result, on Monday, August 27th, I obtained a written stipulation from all counsel, and I prepared and filed an ex parte application informing the Court that additional time was going to be needed and asking for a very short 1 week extension of the August 28th deadline to submit all pre-trial documents *except the motions in limine* (which would be filed on August 28th). That request was denied.

2

DECLARATION OF ROBERT R. CLAYTON RE: OSC RE: SANCTIONS AND REMAND FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING & CASE MANAGEMENT ORDER

6.    Among the joint documents that the parties needed to prepare were: ten (10) joint motions *in limine* with merged oppositions; a detailed Pre-Trial Order (PTO); a Witness List with a description of each witness's anticipated testimony and time estimates for direct and cross-examination; an Exhibit List with information re: foundation, objections and replies thereto; a list of Stipulated Jury Instructions with the instructions fully prepared and attached; a Joint Statement re Disputed Jury Instructions with all the instructions fully prepared and attached; a Joint Special Verdict form; a Joint Statement of the Case; and a Joint Status Report re Settlement. In addition to these joint documents were the parties' individual submissions.

7.    I worked on the joint trial documents from approximately 8:00 pm on Sunday, August 26th until a little after 8:00 pm on Tuesday, August 28st *without sleep.* I did not leave my desk during that period, and I worked on the joint documents for 48 hours straight. During much of that time, versions of the joint documents were being emailed back and forth between counsel for all three parties. On August 28th, I went home and got 6 hours of sleep before appear at a Trial Setting Conference in another matter on August 29th before returning to the office to draft an Opposition to a Motion to Stay in a different case, and then to continue working with defense counsel on getting the last of the joint trial documents completed and filed in this case and on this declaration.

8.    Thus, I can state with complete sincerity and without hesitation that I took the Court's Scheduling and Case Management Order very seriously and every effort was made to meet the August 28th deadline. Moreover, I immediately inform the Court when I realized there was going to be an issue. Thus, I respectfully request that sanctions not be imposed against me or my firm.

9.    Finally, on the issue of remand, as indicated in Section 5(e) of the Joint Pre-Trial Order, the defense has finally agreed that Amtrak is Metrolink's agent. Thus, Metrolink is vicariously liable for the actions of Amtrak and its employee. As a result, there is no need to keep Amtrak in this case. Thus, Plaintiff has no objection to this Court remanding this case to state court as Plaintiff intends to seek a stipulation or order

DECLARATION OF ROBERT R. CLAYTON RE: OSC RE: SANCTIONS AND REMAND FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING & CASE MANAGEMENT ORDER

dismissing defendant National Railroad Passenger Corporation dba Amtrak (without prejudice) from the lawsuit. Since the only basis for federal court jurisdiction is the fact that Amtrak is a party (*See* PTO, Section 2), I believe this case should be remanded to state court, and I respectfully request the same.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct. Executed on August 29, 2018 at Manhattan Beach, California.

Robert R. Clayton

DECLARATION OF ROBERT R. CLAYTON RE: OSC RE: SANCTIONS AND REMAND FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING & CASE MANAGEMENT ORDER